Filed 6/25/24  P. v. Williams CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ADOLPH JAMES WILLIAMS,<br><br>      Defendant and Appellant. | B333064<br><br>(Los Angeles County<br>Super. Ct. No. SA107118) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

Andrew F. Alire, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

—————————————

Adolph James Williams was found guilty by a jury of second degree robbery (Pen. Code, § 211).[1] The trial court granted Williams's motion to strike his prior serious felony conviction and sentenced him to two years in state prison. Williams filed a notice of appeal, and we appointed counsel to represent him. No arguable issues have been identified after review of the record by appointed appellate counsel or our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the testimony at trial, on September 1, 2022, Isabelle Sasinos, an assistant store manager at Burton Snowboards (Burton), was monitoring live security footage. The footage showed Williams taking black t-shirts worth approximately $245 from the store without paying.

Sasinos located Williams outside the store and asked him to return the t-shirts or pay for them. Williams denied taking the t-shirts. Williams's nephew approached and spoke with Sasinos for a few minutes.

Aaron Fimbres, another employee of Burton's, came outside to check on Sasinos. Sasinos saw Williams pull out what appeared to be a weapon, which later was determined to be a novelty cigarette lighter that resembled a small handheld pistol. Fearing for their safety, Sasinos and Fimbres left to go back into the store. Sasinos noticed a police squad car across the

---

[1] All undesignated statutory references are to the Penal Code.

2

intersection, and informed the officers that Williams had pulled a weapon on them. Williams was placed under arrest.

On October 10, 2022, Williams was charged by information with one count of second degree robbery. The information further alleged that Williams had previously been convicted of 18 felonies, six were deemed to be "a serious or violent conviction" within the meaning of section 1170.12, subdivision (b)(1).

Following a one-day jury trial, Williams was found guilty of second degree robbery. Williams admitted a prior serious felony conviction of making criminal threats (§§ 422, subd. (a); 1192.7, subd. (c)(38)), and the trial court found the prior strike to be true. The trial court granted Williams's *Romero* motion[2] to strike his prior serious felony conviction, and sentenced Williams to two years in state prison. Williams timely appealed.

## DISCUSSION

We appointed counsel to represent Williams in this appeal. After reviewing the record, counsel filed a brief raising no issues and requesting our independent review of the record. Counsel also wrote Williams, explained his evaluation of the record on appeal, and informed Williams that he had the right to file a supplemental brief. Counsel also sent Williams the record on appeal and a copy of the brief. On March 29, 2024, this court also notified Williams that he could submit within 30 days a

---

[2] See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530 ("we conclude that section 1385(a) does permit a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law").

3

supplemental brief or letter stating any grounds for an appeal, contentions, or arguments he wanted us to consider.  We have received no response from Williams.

We have examined the record and are satisfied appellate counsel for Williams has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.



MARTINEZ, P. J.

We concur:



SEGAL, J.



FEUER, J.